17-3781-cv
Psara Energy Ltd. v. Space Shipping Ltd. et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges,*
　　　　　　BRIAN M. COGAN,*
　　　　　　　　*District Judge.*

------------------------------------------------------------------

PSARA ENERGY LTD.,

　　　　*Plaintiff-Appellant,*

　　v.　　　　　　　　　　　　　　　　　　　　No. 17-3781-cv

SPACE SHIPPING LTD.,
GEDEN HOLDINGS, LTD.,

---

\* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Appellees,*

ST SHIPPING & TRANSPORT PTE. LTD.,

*Garnishee-Appellee.*

---------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: GEORGE A. GAITAS, Gaitas, Kennedy & Chalos PC, Houston, TX (Stephan Skoufalos, Skoufalos LLC, Stamford, CT, *on the brief*).

FOR DEFENDANTS-APPELLEES: Simon Harter, Law Offices of Simon Harter, Esq., Princeton, NJ, Frederick A. Lovejoy, Lovejoy & Associates, Easton, CT.

FOR GARNISHEE-APPELLEE: PETER J. BEHMKE (Michael P. Jones, *on the brief*), Herbert Smith Freehills New York LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED as moot.

In October 2017 Psara Energy Ltd. (Psara) commenced this maritime case as an action in the District Court under Rule B of the Supplemental Rules for

2

Admiralty or Maritime Claims and Asset Forfeiture Actions, seeking to obtain security for claims of over $19.6 million against Space Shipping Ltd. (Space) by garnishing an award (the Debt) owed to Space by ST Shipping & Transport Pte. Ltd. (ST Shipping). The District Court issued an order of attachment over the Debt but then vacated the order (the Vacatur Order) when it concluded that the Debt was not located within the District of Connecticut. Psara's subsequent motions to stay the Vacatur Order were denied, and it appealed. After the District Court issued its Vacatur Order, ST Shipping initiated a stakeholder proceeding before the English High Court of Justice to resolve Psara's and Space's competing claims to the Debt. The English High Court ruled that $911,894.40 and £204,620—sums that Space conceded it owed Psara—should be paid from the Debt to Psara, with the balance of the Debt going to Space. ST Shipping then moved to dismiss the present appeal as moot on the ground that the Debt had been liquidated. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss the appeal as moot.

Because the thing Psara seeks to attach – the Debt – has been distributed from ST Shipping to Space and to Psara pursuant to the English High Court's

order, it no longer exists as a discrete res in ST Shipping's possession. This Court cannot order the attachment of a res that no longer exists within the ownership of the garnishee, ST Shipping. See Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 87 (1992); Fid. Partners, Inc. v. First Tr. Co. of N.Y., 142 F.3d 560, 564–66 (2d Cir. 1998). The appeal is therefore moot. See In re Flanagan, 503 F.3d 171, 178 (2d Cir. 2007); cf. In re McLean Indus., Inc., 857 F.2d 88, 89 (2d Cir. 1988).

Psara acknowledges that the Debt has been distributed to Psara and Space pursuant to the English High Court's decision. But Psara suggests that we or the District Court may order Space to restore the res to ST Shipping, rendering the res once again attachable notwithstanding that decision. We decline to do so both because we extend comity to the decision of the English High Court, which had proper jurisdiction, and because the enforcement of its decision does not prejudice the rights of United States citizens or violate domestic public policy. Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987). Psara insists that we should not extend comity to the English High Court because the English High Court did not extend comity to our Circuit. But there was no attachment order at the time the English High Court issued its decision. That

4

Court, as it determined, therefore was not "acting in conflict either with an existing order of the Connecticut court or with the wishes of the US Court of Appeals." ST Shipping v. Space Shipping [2018] EWHC (Comm) 156 [37] (Eng.).

We have considered Psara's remaining arguments as to mootness and conclude that they are without merit. For the foregoing reasons, ST Shipping's motion to dismiss the appeal is GRANTED and the appeal is DISMISSED as moot. ST Shipping's motion for sanctions and costs under Rule 38 is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5